**Joseph M. PALLOZZI, Lori M. Pallozzi, Plaintiffs–Appellants,**

v.

**ALLSTATE LIFE INS. CO., Defendant–Appellee.**

**Docket No. 98–7552.**

United States Court of Appeals, Second Circuit.

Jan. 13, 2000.

Timothy A. Clune, Disability Advocates, Inc., Albany, NY, for Plaintiffs–Appellants.

Louis C. Roberts, Wilson, Elser, Moskowitz, Edelman & Dicker, New York, NY, for Defendant–Appellee.

Before: NEWMAN, LEVAL and PARKER, Circuit Judges.

LEVAL, Circuit Judge:

*On Petition for Rehearing*

Allstate's petition for rehearing is denied. In response to the petition, we add the following observations.

Allstate suggests in its petition for rehearing (1) that our decision will force insurers to write policies for disabled persons notwithstanding good faith business reasons for declining to do so, such as, for example, the unavailability of actuarial data or the absence of a pool within which to spread the risk; and (2) that there is inconsistency between our holding that Title III prohibits an insurer's discriminatory refusal to insure in circumstances not protected by the safe harbor and our suggestion in dictum in footnote 4 of *Leonard F. v. Metropolitan Life Insurance Co.,* 199 F.3d 99, 107 n. 4 (2d Cir. 1999), that the subterfuge provisions of the safe harbor clause should not be construed as a requirement that all insurance decisions concerning disabled persons must be based on actuarial analysis.

Our first answer is that, by virtue of the safe harbor, the ADA has no application so long as the insurer conforms to state law and does not engage in subterfuge. Furthermore, where the insurer cannot claim the protection of the safe harbor, what the ADA forbids is "discriminat[ion] … on the basis of disability." 42 U.S.C. § 12182(a). It does not bar all adverse decisions made "on the basis of disability." There is no inconsistency with the *Leonard F.* footnote. The proposition that insurance offices may not refuse insurance based on discriminatory reasons in no way implies that only actuarial principles may justify a refusal to insure. What the Act forbids is discrimination, which does not encompass a non-discriminatory business reason premised on something other than actuarial analysis. Whether decisions of the sort contemplated by Allstate would constitute illegal discrimination is not within the scope of this opinion.

Allstate argues further that our interpretation of the ADA will require federal courts to become deeply involved in questions traditionally left to state regulation, such as whether a differential was actuarially justified. If so, that is because of what Congress has mandated. If Congress had intended to insulate insurance underwriting practices from federal court scrutiny under the ADA, it would have been a very simple matter to say so. Instead, Congress exempted underwriting

practices only to the extent that they "are based on or not inconsistent with State law." 42 U.S.C. § 12201(c). This formulation inescapably requires federal courts to determine whether the practice complained of conforms to state law. Depending on the form of the particular state's regulation, Allstate's concern may be exaggerated. If the state's regulatory apparatus has approved or authorized use of the disputed differential, it should be a simple matter for the federal court to conclude that it is within the safe harbor. If, on the other hand, the state regulation specifies formulas or standards that underwriters must meet but does not provide approval or authorization, federal courts may be required to undertake determinations historically left to state regulators. If this is an undesirable consequence of the statute, complaints should be directed to Congress. In our view, it is an inescapable consequence of Congress's drafting, and we must conclude it was Congress's intention.

Finally, Allstate relies on the ADA's prohibition of discrimination by "insurance office[s]," 42 U.S.C. § 12181(7)(F), rather than insurance companies, to argue that the Act does not apply to underwriting. According to Allstate, underwriting decisions are made by company management, rather than by insurance offices, which are simply the places where people go to purchase insurance at rates already determined by the company. For this reason, claims Allstate, the ADA does not reach underwriting. As this issue is not properly part of the appeal before us, we decline to address it now.